JANVIER, Judge.
Plaintiff, Philip J. Thompson, who operates his business as Thompson Refrigeration Sales & Service, is engaged in the business, among other things, of repairing air-conditioning machines.
The defendant operates a super market in which he had installed an air-conditioning machine which was not working properly. During the Summer of 1958 he employed the plaintiff to make repairs to the machine. After making what he considered the necessary repairs, the plaintiff rendered to defendant a bill for $124.50. The defendant, feeling that the proper repairs had not been made, refused to pay the bill.
Plaintiff, proceeding under LSA-R.S. 9:4502, brought suit against defendant for the amount claimed and provoked the issuance of a writ of provisional seizure. The citation and the writ of provisional seizure were served on the defendant on the same day, and he, feeling that he would be embarrassed in the eyes of his customers should the machine be seized by the deputy constable, paid to that official $160.04, which was set forth as the amount due on the principal of the claim and for costs up to that time. When this payment was made, according to the deputy constable, the defendant stated that it was being made “under protest”. On receipt of this amount the deputy constable did not seize the machine, and the defendant filed answer denying liability. The defendant then obtained from the Judge of the First City Court an order under which the constable was required to retain in his possession the amount “deposited with him by said defendant * * *, pending further orders of this Court or until this matter is disposed of by final judgment.”
The plaintiff then, by rule, sought the dissolution of his own writ of provisional seizure and prayed that the defendant be ordered to show cause why the order requiring the constable to retain the sum in his possession should not be dissolved, and further to show cause why plaintiff should' not be entitled to attorney’s fees in the sum of $250 because of the fact that his. counsel had been required to dissolve the order under which the said fund was to be retained by the constable.
Apparently there was no action on the last referred to rule taken on behalf of plaintiff, and the matter went to trial on the merits. There was judgment in favor of plaintiff for $101.32 with a recognition of the plaintiff’s privilege on the air-conditioning machine. From this judgment defendant has appealed and plaintiff has answered the appeal praying that the amount of the judgment be increased to $124.50, with costs, and that he be allowed an attorney’s fee in the sum of $250.
When the defendant paid to the constable the amount set forth in the writ, we feel that he actually paid the claim of plaintiff and the costs, for the reason that *862 under such circumstances, when property is about to be seized under such a writ, the defendant may exercise either of two options. He may pay the claim in full with all costs which have accrued up to that time, or he may provide a forthcoming bond under which the property will be released to him and under which the surety will be bound to either restore the property after judgment is rendered, or be liable for the value thereof as fixed by the Judge. Article 289 of our Code of Practice recognizes the right of the defendant to furnish such a forthcoming bond.
At the time the property was released to the defendant the total amount of the claim and costs amounted to $160.04. By refusing to pay that amount, except under protest, defendant made it necessary that the matter be tried, with the certainty that there would be additional costs. The purpose of a forthcoming bond is to require that the property seized, if released to the defendant, be produced and that the value thereof be available under the bond for the payment not only of the original claim, but for the payment of all costs which may accrue, including the possibility of costs on appeal.
Under these circumstances, we feel that, when the plaintiff paid to the constable the amount which was then due, he evidenced recognition of the amount of the claim and cannot be heard now to contend that the amount was not due.
In New Orleans & N. E. R. Co. v. Louisiana Const. & Imp. Co., 109 La. 13, 33 So. 51, 55, we find a very interesting discussion of several situations in which payment “under protest” has been or may be attempted, and from this discussion we conclude that the Supreme Court felt then, as we do now, that in a situation such as exists here no effect may be given to such a protest. In that case our Supreme Court quoted at length from a decision of the Supreme Court of Massachusetts in which it considered a situation “where a vessel was taken into custody for debt and where the facts and equities made out a strong case for the recovery back of the money (a large sum) paid under protest in order to release the vessel * * *.” The vessel had been attached and when the money was paid under protest suit was brought for the recovery of the money on the ground that it had been made as a result of coercion. The Supreme Court of Massachusetts said:
“ * * * It is an established rule of law that if a party, with a full knowledge of the facts, voluntarily pays a demand unjustly made on him and attempted to be enforced by legal proceedings, he cannot recover back the money, as paid by compulsion, unless there be fraud in the party enforcing the claim and a knowledge that the claim is unjust. And the case is not altered by the fact that the party, so paying, protests that he is not answerable and gives notice that he will bring an action to recover the money back. He has an opportunity, in the first instance, to contest the claim at law. He has, or may have, a day in court; he may plead and make proof that the claim on him is such as he is not bound to pay. * * * The party has an option whether to litigate the question, or submit to the demand and pay the money.”
Our Supreme Court then, referring to the facts of the case before it, said that the protest under which the payment had been made could be given no effect.
The payment had been made to avoid the possibility of a libeling in admiralty of certain vessels. The Court said that instead of making the payment under protest, the proper course would have been “to have refused payment, and then when the vessel was libeled and seized in admiralty, to have bonded her and made the fight then and there * * *.” We feel that is what the defendant here should have done.
We see no reason for the deduction by the trial Judge of $23.18 from the *863 original amount claimed. That amount, $23.18, was the amount which had been paid on a previous bill for work on that machine.
The claim of plaintiff for $250 as attorney’s fees for the attempt to “dissolve” the order under which the amount paid to the constable was retained cannot be allowed. Where a writ of sequestration or provisional seizure is dissolved on motion, counsel is entitled to attorney’s fees, but here there was no such writ and the order, as a matter of fact, was not dissolved until the matter had been tried on the merits.
The judgment appealed from is amended by the increase of the amount awarded to $124.50, with legal interest from judicial demand and all costs.
Amended and affirmed.
REGAN, J., absent, takes no part.